UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

| | | |
|---|---|---|
| KIMIKO SCHLENK | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:16-cv-00601-JHM-CHL |
| | ) | |
| GOODWILL INDUSTRIES OF | ) | |
| KENTUCKY, INC. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS

Comes the Plaintiff, Kimiko Schlenk, (hereinafter Kim or Plaintiff) by counsel, and for her response to Defendant Goodwill's Motion to Dismiss and respectfully asks this Court to deny said Motion.

## RELEVANT FACTS REGARDING GOODWILL'S UNLAWFUL ACTS

Kim worked for Goodwill from 2002 through 2010 as a store manager; in 2010 she left Goodwill on good terms to pursue an opportunity as an over the road transporter. (Compl ¶ 5-8) In July Goodwill contacted Kim and asked her to return to Goodwill to become the manager of a store that was preparing to open. *Id* at 9.  After initial hesitation Kim accepted the offer and sold her truck and returned to Louisville. *Id* at 10-11.

Upon her return Kim immediately began to notice significant changes within the Goodwill organization. *Id* at 13. Significantly Kim noticed that although her title was Store Manager her duties within the store were almost completely the same as the hourly employees. Kim was forced to work well over 50 hours a week and spend her time doing non-managerial tasks throughout the store such as cleaning, taking donations and working the cash register. *Id* at

1

13-22. During her short tenure back with Goodwill Kim was never provided the full staffing or assistant management that was needed to effectively run the store. Finally after a month with no assistant manager Goodwill promoted Cheryl Brogan to fill the stores assistant manager position. Unfortunately Cheryl was a convicted felon who had been charged with attempted murder and was ultimately convicted of second-degree arson and first-degree wanton endangerment and sentenced to 25 years in prison. Cheryl was promoted even though it was against Goodwill's policies and procedures to hire someone convicted of arson into a management position but that a senior manager informed Kim that she cut the red tape and hired her anyways *Id* at 22-46

On December 16th 2015 Kim was hauled into a manager's office and accused of sexual harassment and that this claim was based on video evidence and someone's perception of what had happened. Kim was suspended and then terminated on December 24th.  After being terminated Kim was provided with a copy of the video that allegedly showed her harassing co-employees. The video showed Kim brushing her employee's hair in the back office and giving another employee a hug while having a conversation (the conversation was not recorded) nothing in the video suggested sexual harassment or harassment of any kind. Additionally Goodwill has an employee handbook that Kim was given to at the beginning of her employment that stated that Goodwill had a progressive discipline policy that mandated that Kim first be warned verbally and then in writing prior to being terminated. Goodwill did none of these things with Kim, instead instantly firing her. *Id* at 46-62

Several weeks later Kim was provided with a letter from a former employee stating that Cheryl had admitted to him that she had filed a false report against Kim because of Kim's sexual orientation and the fact that Cheryl's husband had left her, took the kids and confessed to being

2

homosexual. Although not advertised Kim's sexual orientation was known throughout Goodwill. *Id* at 46-62

## **STANDARD OF REVIEW**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (May 21, 2007) *citing* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ( "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S.Ct. at 1974. *See also id.* at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Under Federal Rule of Civil Procedure (FRCP) 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, at 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  As the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announced does not require "detailed factual allegations," but the Rule does call for sufficient factual matter, *accepted as true*, to "state a claim to relief that is plausible on its

3

face," *Id.,* at 570, 127 S.Ct. 1955.  [D]etermining whether a complaint states a plausible claim is

context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,*

at 556, 127 S.Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955.  Under FRCP 8(e), the Pleadings *must* be

construed so as to do justice.

In Kentucky, the Civil Rules operate under the theory of "notice" pleading.  In <u>Pierson</u>

<u>Trapp Co. v. Peak,</u> 340 S.W. 2d 456, 460 (1960), the Court explained:

> Under the theory of "notice" pleading adopted by the Civil Rules, a complaint will not be
> dismissed for failure to state a claim unless it appears to a certainty that the plaintiff will
> not be entitled to relief under any state of facts, which could be proved in support of his
> claim. *Spencer v. Woods, Ky.,* 282 S.W. 2d 851; *Clay,* CR 12.02.  It is immaterial
> whether the complaint states "conclusions" or "facts" as **long as fair notice is given.**
> (Emphasis added)

Thus, under Kentucky law, a "complaint need only give fair notice of a cause of action

and the relief sought."  <u>Security Trust Co. v. Dabney,</u> 372 S.W. 2d 401, 407 (Ky. 1963).

Pleadings are required to be no more specific than to notify the adverse party of the transaction

underlying the dispute.  <u>W.R. Willett Lumber Co. v. Hall,</u> 375 S.W. 2d 266 (Ky. 1964).  See also

Kentucky CR 8.06-

## ARGUMENT

**Negligent Hire Claim**

Kentucky Courts have long recognized the tort of negligent retention of an employee. In

*Oakley v. Flor-Shin, Inc.,* 964 S.W.2d 438, 442, 45 4 Ky. L. Summary 18 (Ky.App. 1998), the

Court pronounced that "the established law in this Commonwealth recognizes that an employer

can be held liable when its failure to exercise ordinary care in hiring or retaining an employee

creates a foreseeable risk of harm to a third person." Thus, an employer can be liable for

negligent retention/supervision when the employee commits a negligent or intentional act resulting in injury to the plaintiff. Id.

In this case Goodwill, the employer, failed to exercise ordinary care in hiring and retaining an employee, Cheryl Brogan. Kim has pleaded that Goodwill not only had knowledge that Cheryl was unfit for the job that she was hired to perform but that her hiring was against Goodwill's own policies and procedures. By hiring a convicted felon Goodwill knew that there was a foreseeable risk of harm to fellow employees and Kim unfortunately suffered that harm.

The Defendant implies that because Cheryl was convicted of arson and that Kim "does not allege Brogan burned down a building" (Def Memo in Support of Motion to Dismiss) that the risk of the injury that Kim suffered was not foreseeable. This is simply not true. Employers ask for a criminal history at the time of hire because they know that convicted felons are more likely to harm fellow employees. In fact Goodwill had its own policy that stated that an individual convicted of certain crimes could not be placed in management positions. By hiring Cheryl Goodwill accepted the risk that an individual with a propensity to cause harm to others was in fact reformed and rehabilitated. In this case Cheryl clearly was neither. Her Defamatory allegations to Goodwill management directly contributed to Kim's termination.

Because Kim has plead facts that show that Goodwill failed to exercise ordinary care in hiring or retaining an employee and that by that failure they created a foreseeable risk of harm to a third person her claim should not be dismissed at this stage of the proceedings.

**Promissory Estoppel**

The Defendants' argument that the Plaintiff has not alleged facts sufficient to maintain an action under the Common Law of Kentucky for Promissory Estoppel is without merit and should be denied. In Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc., 113 S.W.3d 636, 642 (Ky. Ct.

App. 2003) the court articulated the requirements for an effective claim of promissory estoppel, they stated "[p]romissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes his position in reliance on the statement."

In this case the Plaintiff did in fact plead that the Defendant Goodwill made a promise/statement to the Plaintiff, specifically by setting and maintaining a for cause termination policy which the published to the Plaintiff and all other employees, in which Goodwill represents that the Plaintiff can only be terminated for Just cause and under certain circumstances, to include nondiscriminatory practices.

The employee handbook provided to Kim also delineates the proper procedure for investigating complaints and the aftermath of said complaints, essentially promising to take action to reasonably investigate accusations of wrongdoings by employees. The Plaintiff clearly relied on the above representations as she held the belief that Goodwill would fairly, impartially and non discriminatorily investigate the false accusations hurled at her.

However Goodwill clearly did not live up to the promise they made there employees by publishing these policies and procedures because they did not investigate fairly, impartially and non discriminatorily leading to the wrongful termination of the Plaintiff. The result of which has been incredible damages to the Plaintiff both financially and emotionally.

Additionally, as pled by the Plaintiff in her Complaint, Goodwill should have reasonably expected the Plaintiff to rely on Goodwill's representations, based on the nature and formalities of Goodwill's promises to the Plaintiff.

## CONCLUSION

In conclusion, because of the foregoing facts and because when the facts alleged are viewed most favorable toward the Plaintiff it is obvious that she has legitimate causes of action, under Kentucky Law, for both Promissory Estoppel and Negligent Hire/Retention, This Court must deny Defendant's Motion for Partial Dismissal of Plaintiff's Complaint.

Respectfully submitted,

/s/ Samuel G. Hayward
Samuel G. Hayward
Adams Hayward & Welsh
4036 Preston Highway
Louisville, KY 40213
(502) 366-6456
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, the foregoing was filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the documents through the electronic filing system.

/s/ Samuel G. Hayward