UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00601-JHM

KIMIKO SCHLENK                                                                                      PLAINTIFF

V.

GOODWILL INDUSTRIES OF KENTUCKY, INC.                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Goodwill Industries of Kentucky, Inc., to dismiss Plaintiff's claims for negligent hiring and promissory estoppel pursuant to Fed. R. Civ. P. 12(b)(6) [DN 7]. Fully briefed, this matter is ripe for decision.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.

Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Kimiko Schlenk, was employed by Goodwill Industries of Kentucky as a store manager from 2002 through 2010. In 2010, Schlenk left Goodwill on good terms to become an over-the-road transporter. Schlenk owned her own truck. In July of 2015, Goodwill contacted Schlenk and requested that she return to Louisville, Kentucky, to manage a new Goodwill store. Schlenk accepted the position, sold her truck, and returned to Louisville. Schlenk alleges that although her official title was store manager, her duties were almost completely the same as hourly employees. Schlenk claims that she was forced to work more than seventy hours a week. Schlenk alleges that due to staff shortages, Goodwill promoted Cheryl Brogan to fill the store's second assistant manager position. According to Schlenk, Brogan was a felon having been convicted of second-degree arson and first-degree wanton endangerment and sentenced to 25 years in prison. Schlenk represents that she was told by senior management that it was against Goodwill's policies and procedures to promote or hire someone convicted of arson into a management position. Schlenk avers that during the course of her performance with Goodwill, she never received a verbal or written warning about any non-satisfactory job performance. Further, Schlenk alleges that her store consistently outperformed all others in the Louisville Region.

On December 16, 2015, Mark Daniels, Plaintiff's direct manager, informed her that she had been accused of sexual harassment. Daniels informed Schlenk that the allegations were based on video clips from store security cameras that showed Schlenk talking with her assistant managers in the office, giving one a hug, and brushing out their hair. According to Schlenk, she

attempted to explain the conduct in question. Daniels suspended her pending an investigation. That same day, Goodwill transferred a male store manager to the store. On December 24, 2015, Schlenk received a letter from Goodwill stating that she was terminated for violating Goodwill's "Anti-harassment, Discrimination and Retaliation Policy." Schlenk, apparently a homosexual, alleges that several weeks later she learned that Brogan had made the sexual harassment claim against her because Brogan was homophobic. Schlenk claims that the male store manager who replaced her had once been accused of sexual harassment and discrimination but, unlike Schlenk, he was transferred to another store instead of being terminated.

On August 24, 2016, Schlenk filed this current action against Goodwill in the Jefferson Circuit Court alleging claims of violation of the Fair Labor Standards Act, gender discrimination pursuant to the Kentucky Civil Rights Act, promissory estoppel, and negligent hiring. On September 9, 2016, Goodwill removed the action from the Jefferson Circuit Court to the Western District of Kentucky. Goodwill now moves to dismiss Schlenk's claims for negligent hiring and promissory estoppel pursuant to Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

**A. Negligent Hiring**

To make out a claim for negligent hiring or retention under Kentucky law, a plaintiff must show that "(1) the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." Stalbosky v. Belew, 205 F.3d 890, 894 (6th Cir. 2000) (citing Oakley v. Flor-Shin, Inc., 964 S.W.2d 438, 442 (Ky. App. 1998) ("an employer can be held liable when its failure to exercise ordinary care in hiring or retaining an employee creates a foreseeable risk of harm to a third person")). See Reed v. Gulf Coast

Enterprises, 2016 WL 79998, *8 (W.D. Ky. Jan. 6, 2016). "The employer is liable only if it knew or should have known of the threat posed by the employee but failed to take remedial measures to ensure the safety of others." Roche v. Home Depot USA, 2005 WL 2000708, *3 (W.D. Ky. 2005)(citing Airdrie Stud, Inc. v. Reed, 2003 WL 2279649, *1 (Ky. App. 2003)). Here, the Plaintiff alleged facts that Goodwill knew that Brogan had been convicted of second-degree arson and first-degree wanton endangerment. Plaintiff alleges that Goodwill knew, or should have known, that Brogan had a "propensity to cause harm to others," and Brogan's defamatory statements and false allegations against the Plaintiff were foreseeable.

The complaint fails to allege that Schlenk suffered any foreseeable act stemming from Brogan's criminal history. "In each case, there must be some foreseeability or awareness on the part of the employer that the employee created the risk at issue." Taylor v. JPMorgan Chase Bank, N.A., 2014 WL 66513, *9 (E.D. Ky. Jan. 8, 2014)(citing Oakley, 964 S.W.2d at 442; Booker v. GTE.net LLC, 350 F.3d 515, 517 (6th Cir. 2003)). There is no allegation that Goodwill had any knowledge of Brogan's allegedly discriminatory propensities toward homosexuals. Furthermore, Brogan's previous conviction for second-degree arson and first-degree wanton endangerment is simply not enough to create a reasonable inference that Goodwill should have foreseen or been aware Brogan would file a false sexual harassment claim against another employee such that its hiring, retaining, and supervising of this employee was negligent. There is no allegation that Brogan had previously engaged in similar conduct and, thus, posed an unreasonable risk to other employees. Because Schlenk failed to allege a link to the behavior that allegedly harmed her to the risk Goodwill knew about at the time of hire, the complaint fails to allege facts that would allow the Court to draw a reasonable inference the Goodwill is liable for the claim of negligent hiring. Accordingly, the claim is dismissed.

4

### B. Promissory Estoppel

Under Kentucky law, absent a specific contractual provision stating that discharge may only be done for cause, an employer may ordinarily discharge an employee "for good cause, for no cause, or for a cause that some might view as morally indefensible." Wymer v. JH Props., Inc., 50 S.W.3d 195, 198 (Ky. 2001); Miracle v. Bell Co. Emergency Med. Svcs., 237 S.W.3d 555, 558 (Ky. App. 2007); see also Mayo v. Owen Healthcare, Inc., 2000 WL 1234359, *2 (6th Cir. Aug. 24, 2000) (interpreting Kentucky law as holding "employment is 'at will' unless the parties otherwise agree"). "Promissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes [her] position in reliance on the statement." Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc., 113 S.W.3d 636, 642 (Ky. App. 2003). Under Kentucky law, the elements of promissory estoppel are: "(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise." Harris v. Burger King Corp., 993 F. Supp. 2d 677, 691 (W.D. Ky. 2014) (quoting C.A.F. & Assocs., LLC v. Portage, Inc., 913 F. Supp. 2d 333, 350–51 (W.D. Ky. 2012)). "Reliance on the promise must be justified." Id. (citing Butler v. Progressive Cas. Ins. Co., 2005 WL 1009621, *4 (W.D. Ky. Apr. 25, 2005)). See Reed, 2016 WL 79998, *9. An "at-will employee can claim promissory estoppel only if she can show a specific promise of job security." Harris, 993 F. Supp. 2d at 691 (citing DePrisco v. Delta Air Lines, Inc., 90 Fed. Appx. 790, 796 (6th Cir. 2004)).

Goodwill argues that Plaintiff has failed to allege sufficient facts to show that she is entitled relief against Goodwill for promissory estoppel. Specifically, Goodwill maintains that the Plaintiff has not alleged that Goodwill promised her job security and has not asserted any

facts in her complaint to alter Kentucky's at-will presumption. As a result, Goodwill argues that Schlenk's claim of promissory estoppel should be dismissed.

In her complaint, Schlenk alleges that Goodwill "made a promise of continued employment to Plaintiff and that [their] facilities would abide by the anti discriminatory policies implemented in the Employee Handbook." (Complaint at ¶ 87.) Plaintiff also alleges that "Goodwill had a progressive discipline policy that mandated that Ms. Schlenk first be warned verbally, and then in writing, prior to being suspended or terminated." (Id. at ¶ 55.) Schlenk further alleges that Goodwill should have expected Plaintiff to rely on this promise; she did rely on this promise; and injustice can only be avoided if Goodwill is required to fulfill its promises. In response to the motion to dismiss, Plaintiff indicates the promise to which she is referring is Goodwill's published policy of maintaining a "for cause" termination policy.

Plaintiff's "bare assertions that, much like the pleading of conspiracy in Twombly, amount to nothing more than a 'formulaic recitation of the elements'" of a promissory estoppel claim. Iqbal, 556 U.S. at 681 (quoting Twombly, 550 U.S. at 555). "As such, the allegations are conclusory and not entitled to be assumed true." Id. (citing Twombly, 550 U.S. at 554–55). While Plaintiff formulaically pleads that Goodwill made a promise of continued employment, she provides no facts from which a court could infer who made the promise or the nature or substance of the promise. While Plaintiff references the existence of both an employee handbook and a progressive discipline policy, the Plaintiff fails to allege any specific content that altered the at-will relationship or qualified as a promise regarding job security. The existence of a progressive discipline policy alone does not transform an at-will relationship into one prohibiting discharge except for cause. See, e.g., Reid v. Sears, Roebuck and Co., 790 F.2d 453, 460-61 (6th Cir. 1986). "[A]lthough Plaintiff's complaint need not present 'detailed factual

6

allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference" that Defendant is liable for the claim of promissory estoppel. Sam Han v. University of Dayton, 541 Fed. Appx. 622, 626 (6th Cir. 2013)(citing Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012); Iqbal, 556 U.S. at 678). Plaintiff's allegations simply lack the factual basis necessary to show entitlement to relief for a claim of promissory estoppel. Accordingly, the Court dismisses the promissory estoppel claim against Defendant for failure to state a claim.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Goodwill Industries of Kentucky, Inc., to dismiss Plaintiff's claims for negligent hiring and promissory estoppel pursuant to Fed. R. Civ. P. 12(b)(6) [DN 7] is **GRANTED**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

November 18, 2016